UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD BUZZARD, JR.,

        Petitioner,

v.

JEFFREY UTTECHT,

        Respondent.

CASE NO. 2:21-cv-01061-JCC-JRC

ORDER

Petitioner brought this matter under 28 U.S.C. § 2254. Before this Court is petitioner's motion to file overlength motion and opening brief, which this Court treats as a motion for reconsideration. Dkt. 20. As discussed below, this Court denies this motion.

Petitioner asks this Court to reconsider its denial of his request to file, in essence, a 65-page petition. Petitioner contends that Local Rule 7(e), which limits certain complex motions to 24 pages, does not apply to habeas petitions. Therefore, petitioner reasons that this Court erred in relying on Local Rule 7(e) in denying his request. However, Local Rule 100(a) allows this Court to apply Local Rule 7(e) to habeas petitions. Accordingly, because this Court did not err in citing Local Rule 7(e), it denies the motion for reconsideration.

ORDER - 1

1    Petitioner filed a motion to amend his petition. Dkt. 15. This Court denied it. Dkt. 17.
2    This Court explained to petitioner that he did not need permission to file an amended petition
3    because he had yet to exercise his automatic right to file an amended petition. *Id.* at 2. This Court
4    further stated that, if petitioner filed an amended petition, he must do so on this District's form
5    for § 2254 cases and could submit up to ten continuation sheets. *Id.* at 3.

6    Petitioner filed a motion to clarify. Dkt. 18. Petitioner contended that he had sought to
7    file an "opening brief" to support his petition, not an amended petition. *See* Dkt. 19. This Court
8    issued an order denying his motion to clarify. *Id.* This Court reasoned that "amending the
9    petition with the opening brief would be improper because the combined length of the petition
10   and the opening brief would total 65 pages." *Id.* (citing Local Rule 7(e)). Local Rule 7(e)
11   provides that certain complex motions "shall not exceed twenty-four pages."

12   In his motion for reconsideration, petitioner argues that this Court erred in citing Local
13   Rule 7(e) when denying his motion to clarify. *See* Dkt. 20. Petitioner contends that Local Rule
14   7(e) applies to motions, not habeas petitions and opening briefs. *See id.* at 1. Thus, he reasons
15   that filing the opening brief to support the petition would not result in an overlength petition. *See*
16   *id.* Furthermore, petitioner generally alleges that he needs to file his opening brief to adequately
17   articulate his claims. *See id.* at 2.

18   "Local rules have the force of law and are binding upon the parties . . . ." *Pro. Programs*
19   *Grp. v. Dep't of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994) (citation and internal quotation marks
20   omitted). "Motions for reconsideration are disfavored." Local Rule 7(h)(1). "The court will
21   ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or
22   a showing of new facts or legal authority which could not have been brought to its attention
23   earlier with reasonable diligence." *Id.*

ORDER - 2

Under Local Rule 100(a), "[p]etitions for habeas corpus . . . are not subject to [Local Rule 7(e)] *unless directed by the court*." (emphasis added). Furthermore, "courts are invested with inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (citation and internal quotation marks omitted).

Here, this Court denies the motion for reconsideration. Local Rule 100(a) authorizes this Court to apply Local Rule 7(e)'s 24-page limit to habeas petitions. This Court properly does so here for two main reasons. First, the petition does not present complex issues that require extensive briefing. *See* Dkt. 6. Second, as this Court indicated in denying petitioner's motion to expedite, petitioner has yet to adequately show a reasonable likelihood that his petition is meritorious. *See* Dkt. 8 at 2. In these circumstances, allowing petitioner to file a 65-page petition is not necessary for petitioner to adequately present his claims and does not promote the orderly and expeditious disposition of this case.

Accordingly, this Court **DENIES** the motion for reconsideration (Dkt. 20).

Petitioner is cautioned to follow the rules of this Court, rather than attempting to circumvent them. By doing so, this Court will be better positioned to evaluate the merits of the petition.

Dated this 5th day of October, 2021.

J. Richard Creatura
Chief United States Magistrate Judge